17 A.3d 799

IN THE MATTER OF JOHN A. MISCI, JR., AN ATTORNEY
AT LAW (ATTORNEY NO. 010421995).

May 12, 2011.

## ORDER

The Disciplinary Review Board having filed with the Court its decision in DRB 10–324, concluding on the record certified to the Board pursuant to *Rule* 1:20–4(f) (default by respondent), that **JOHN A. MISCI, JR.,** of **SEWELL,** who was admitted to the bar of this State in 1995, and who has been suspended from the practice of law since October 27, 2010, by Orders of this Court filed September 27, 2010, and March 9, 2011, should be suspended from the practice of law for a period of one year for violating *RPC* 1.15(b) (failure to reduce the basis or rate of the fee to writing), and *RPC* 1.16(d) (failure to protect a client's interests on termination of the representation), and good cause appearing;

It is ORDERED that **JOHN A. MISCI, JR.,** is suspended from the practice of law for a period of one year and until the further Order of the Court, effective immediately; and it is further

ORDERED that respondent shall remain suspended from the practice of law pending his compliance with the determination of the District IV Fee Arbitration Committee in District Docket No. IV–2008–068F, and until the further of the Court;

ORDERED that respondent shall comply with *Rule* 1:20–20 dealing with suspended attorneys; and it is further

ORDERED that pursuant to *Rule* 1:20–20(c), respondent's failure to comply with the Affidavit of Compliance requirement of *Rule* 1:20–20(b)(15) may (1) preclude the Disciplinary Review Board from considering respondent's petition for reinstatement for a period of up to six months from the date respondent files

12

proof of compliance; (2) be found to constitute a violation of *RPC* 8.1(b) and *RPC* 8.4(c); and (3) provide a basis for an action for contempt pursuant to *Rule* 1:10–2; and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further

ORDERED that respondent shall reimburse the Disciplinary Oversight Committee for appropriate administrative costs and actual expenses incurred in the prosecution of this matter, as provided in *Rule* 1:20–17.